IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**MARY DAMRILL**  **PLAINTIFF**

VS.  CAUSE NO.: 25-142 (CT)

**WAL-MART STORES EAST, L.P.**  **DEFENDANT**

FILED JUL 11 2025 RANDY CARNEY, CLERK _____ D.C.

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, Mary Damrill (hereinafter "Plaintiff"), by and through counsel of record, Lott Law, PLLC, and files this Complaint against Defendant, Wal-Mart Stores East, L.P. and/or Wal-Mart or other known or unknown entity of Wal-Mart (hereinafter "Wal-Mart" and/or "Defendant"), and in support thereof, states as follows:

### I. Parties

1. Plaintiff, Mary Damrill, is an adult citizen of Jackson County, Mississippi, currently residing at 1550 Williams Street, Pascagoula, Mississippi 39567.

2. Defendant, Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. are foreign corporations, incorporated under the laws of Delaware. The registered agent for this corporation is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. owns and/or operates the Wal-Mart Supercenter located in Pascagoula, Mississippi,

and the business of covering their employees and their familes for insurance purposes.

## II. Jurisdiction and Venue

3.  Pursuant to Miss. Code Ann. § 9-7-81, et seq., jurisdiction is appropriate in the Circuit Court of Jackson County, Mississippi as this action is civil in nature and within the applicable limits of alleged damages.

4.  Pursuant to Miss. Code Ann. § 11-11-3, venue is proper in the Circuit Court of Jackson County, Mississippi as a substantial act or omission giving rise to the claims asserted below occurred in Jackson County, Mississippi.

## III. Factual Allegations

5.  Plaintiff re-alleges and incorporate by reference the allegations of paragraphs 1 through 4 as though fully set forth herein.

6.  Plaintiff, Mary Damrill, has been employed by Wal-Mart Stores East, L.P. at the Pascagoula Supercenter Wal-Mart location since 2008, And also covered by various insurance policies issued by or through Wal-Mart Stores, Inc., their subsidiaries or insurance providers. In 2021, Plaintiff took a leave of absence to care for her husband following his cancer diagnosis. Upon returning to work approximately four months later, Plaintiff discovered that she had been erroneously reclassified by the Human Resources Department as a part-time employee rather than a full-time employee. This error resulted in the loss of various employment benefits, including but not limited to life insurance and critical illness insurance. Plaintiff was assured by both Human Resources personnel and the Store Manager

2

that the error would be promptly corrected.

7. Despite these assurances, the error remained uncorrected. In or around June or July 2024, Plaintiff's husband received a second cancer diagnosis. At that time, Plaintiff was informed that the critical illness and life insurance policies, for which she had consistently paid premiums over the course of approximately seventeen years, had not been reinstated, thereby preventing her from utilizing the coverage during her husband's renewed illness.

8. Mrs. Damrill's loss of benefits was a direct result of Wal-Mart's failure to correct the error regarding her employment status.

9. This error and the resulting loss of benefits have had a significant and detrimental impact on Mrs. Damrill's and her husband's daily lives and her ability to manage responsibilities, particularly in caring for her ill husband.

10. Wal-Mart employees, including members of the Human Resources Department and store management, were aware or reasonably should have been aware of the misclassification and its consequences, yet failed to take appropriate corrective action. Mrs. Damrill made multiple attempts to contact representatives of Wal-Mart Corporation to have her benefits reinstated, but her efforts were ignored.

### IV. Count I
### Negligence

11. Defendant owed a duty to Mrs. Damrill to properly classify employment and manage her benefits correctly.

12. Wal-Mart had actual knowledge of the error that caused the loss of

critical benefits.

13. In not correcting Mrs. Damrill's benefits, Wal-Mart breached its duty to the Plaintiff.

14. As a result of the breach, Mrs. Damrill suffered severe loss and damage.

15. Therefore, Wal-Mart is liable for those damages proximately caused by the breach of its duty to properly classify employment and manage employee benefits.

## V. Count II
## Breach of Contract/Implied Contract

16. Defendant had a policy or agreement, whether implied or express, that full-time employees would receive certain benefits.

17. As a full-time employee, Plaintiff was entitled to receive certain employment benefits, including critical illness insurance and life insurance.

18. Walmart failed to uphold that contract, resulting in breach.

19. Therefore, Wal-Mart is liable for damages proximately caused by the breach of contract.

## VI. Count III
## Breach of Contract/Implied Contract/Good faith and fair dealing

20. Representatives of Walmart, including the Human Resources Department and Store Manager, clearly and repeatedly promised Mrs. Damrill that her employment classification error would be corrected and her full-time status and benefits reinstated.

21. Mrs. Damrill reasonably and detrimentally relied on those promises.

Mrs. Damrill continued working, did not pursue alternate coverage for critical illness or life insurance, and trusted that her seventeen years of premiums and full-time work would be honored, all under the belief that her full-time status and benefits would be restored.

22.  It was entirely foreseeable to Defendant that assuring an employee her benefits would be reinstated, and then failing to take corrective action, would result in significant harm—particularly given the Plaintiff's circumstances involving her husband's serious medical condition.

23.  The harm suffered by Plaintiff, Mrs. Damrill, is significant and ongoing. She was deprived of insurance coverage for which she had paid premiums for nearly two decades. As a result, she was unable to access critical illness insurance benefits at the time of her husband's second cancer diagnosis—a period of immense personal hardship.

24.  Defendant's failure to fulfill its promise left Plaintiff in a position of loss resulting in damages. The sole way to avoid injustice is to enforce the promise or compensate Mrs. Damrill for the harm caused by her reliance.

### VII. ERISA

25.  Some or all of the claims brought by Mrs. Damril may be covered by the Employee Retirement Income Security Act of 174 (ERISA). In the event Mrs. Damril is required to exhaust administrative remedies pursuant to the act, she has done so to the best of her ability. Mrs. Damril is required to recover benefits and enforce all rights available to her, and breach of fiduciary duty, equitable relief, interference and

retaliation and procedural violations and claims procedure failures. Mrs. Damril, at all times, relied on Wal-Mart to provide the benefits due and owing to her and did not have the ability to mitigate or correct the actions of Wal-Mart. Further, there is a wrongful denial of benefits due to Wal-Mart's own conduct.

26. All policy and provisions covering Plaintiff and her family are not in the possession of Plaintiff, therefore she reserves the right to supplement or amend this Complaint. Wal-Mart Benefits administered the benefits and her claim or Win#21182825 governed her claims.

## VIII. Damages

27. As a direct result of Defendant's negligence, Mary Damrill has incurred the following damages:

    A. Severe injuries to her right shoulder and left knee;

    B. Medical expenses associated with her injuries;

    C. Mental anguish and emotional distress;

    D. Pain and suffering;

    E. Permanent disability;

    F. Loss of enjoyment of life;

    G. Future medical expenses:

    H. Inability to perform job and home duties resulting in lost wages and household services.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendant as outlined above in the amount not less than $500,000.00, in

addition to reasonable attorney's fees, court costs, pre- and post-judgment interest, and expenses associated with commencement and prosecution of this action.

This the 11 day of July, 2025.

MARY DAMRILL

By and through counsel of record:

/s/ Matthew S. Lott
Matthew S. Lott (MSB #100783)
Lott Law, PLLC
3318 Pascagoula St.
P.O. Box 1708
Pascagoula, MS 39568
Ph. 228-215-2787
Fax: 228-284-1893
matt@mattlottlaw.com